## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| LUCIUS VEIGA, MICHAEL STERCHELE, and ALEX PARKER ZIMMERMAN, on behalf of themselves and all others similarly situated, | ) ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:21-cv-02620 |
| v. | ) ) | |
| RESPONDUS, INC., | ) ) | |
| Defendant. | ) | |

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332(d), 1441, and 1446, Defendant Respondus, Inc. ("Defendant") hereby provides notice of removal of this action from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division. In support of this Notice of Removal, Defendant states as follows:

### I.     Threshold Requirements

1.      On March 31, 2021, Plaintiffs Lucius Veiga, Michael Sterchele, and Alex Parker Zimmerman ("Plaintiffs") filed a putative class action complaint against Defendant in the Circuit Court of Cook County, Illinois, captioned *Lucius Veiga, Michael Sterchele, and Alex Parker Zimmerman v. Respondus, Inc.*, No. 2021-CH-01544 (the "State Court Action").

2.      Defendant was served with a copy of the Complaint and Summons in the State Court Action through its registered agent on April 16, 2021.

3.      This Notice of Removal is timely filed under 28 U.S.C. § 1446(b)(1) because it is filed within 30 days of the date that Defendant was served with the initial pleading.

4.     Pursuant to 28 U.S.C. § 1446(a), all process, pleadings, and orders that have been filed and served in the State Court Action are attached hereto as **Exhibit 1**.

5.     Plaintiffs allege that Defendant violated the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA"), through the use of Defendant's Respondus Monitor application. (Ex. 1 ("Compl."), ¶¶ 12, 24-27). Specifically, Plaintiffs allege that Defendant "collected biometric information and identifiers" from them without their consent, "failed to make the proper disclosures with respect to the collection of said biometric identifiers," and "failed to disclose the retention schedule that would apply to the collection of Plaintiff[s'] biometric data." (Compl. ¶¶ 8-10).  Based on those allegations, Plaintiffs assert two counts of alleged violations of BIPA, in both their individual and representative capacity.  (Compl. ¶¶ 48-70). Plaintiff seeks to represent a putative class of "[a]ll Illinois citizens who used Respondus Monitor's software for a remotely proctored exam from 2016 through 2020, and whose biometric information or identifiers were collected, captured, purchased, received through trade, or otherwise obtained by Respondus in Illinois in violation of the Illinois Biometric Information Privacy Act, 740 ILCS 14/5 *et seq.*" (Compl. ¶ 37.)

6.     The Seventh Circuit holds there is Article III jurisdiction over BIPA claims like the ones Plaintiffs bring in this case.  *See Fox v. Dakkota Integrated Sys., LLC*, 980 F.3d 1146, 1154-55 (7th Cir. 2020) (holding there is Article III jurisdiction over claims under Section 15(a) of BIPA where plaintiff alleges unlawful retention of data)[1]; *Bryant v. Compass Group USA, Inc.*, 958 F.3d 617 (7th Cir. 2020) (holding there is Article III jurisdiction over Section 15(b) claims).

---

[1] Section 15(a) requires destruction "when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first."  740 ILCS 14/15(a). Plaintiffs allege that Respondus retains information for 5 years.  (Compl. ¶ 22.)  Furthermore, Plaintiffs allege that Respondus' alleged violation of Section 15(a) "actually harmed or posed a material risk of harm

## II.      Class Action Fairness Act Jurisdiction Pursuant to 28 U.S.C. § 1332(d)

7.      Removal is proper under 28 U.S.C. § 1332(d) because the United States District Courts have original jurisdiction over any class action: (i) involving a putative class of 100 or more members; (ii) where at least one member of the plaintiff class is a citizen of a State different from any defendant; and (iii) in which the matter in controversy exceeds (in the aggregate) the sum or value of $5 million, exclusive of interest and costs. *See Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014) ("CAFA's provisions should be read broadly.").[2] Here, all three conditions are satisfied.

8.      Plaintiffs estimate that the putative class "includes at least thousands of Members." (Compl. ¶ 41.)

9.      The class must contain at least two thousand people to constitute "thousands" of persons. Accordingly, the class involves 100 or more members as required by 28 U.S.C. § 1332(d)(5)(B).

10.      According to the allegations in the Complaint, Plaintiffs are residents and citizens of Illinois. (Compl. ¶¶ 8, 12.)

11.      Defendant is a Washington corporation with its headquarters and principal place of business in Redmond, Washington.  (Compl. ¶ 11.)

12.      Because Plaintiffs are citizens of Illinois and Defendant is a citizen of Washington, at least one member of the class of plaintiffs is a citizen of a State different from the defendant as required by 28 U.S.C. § 1332(d)(2)(A).

---

to the privacy interests of Plaintiffs and Class Members, which BIPA seeks to protect."  (Compl. ¶ 55.)

[2]      By arguing that this matter is removable under 28 U.S.C. § 1332(d), Defendant does not waive any argument that this matter is improper for class certification and all such arguments are expressly reserved.

13.     Because Defendant is not a citizen of the State in which the action was originally filed, removal is proper under 28 U.S.C. §§ 1332(d)(3)–(4).

14.     For purposes of assessing the amount in controversy, Plaintiffs' allegations are accepted as true. *See, e.g.*, *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938) (noting it does not matter, for purposes of the amount in controversy, that "the complaint discloses the existence of a valid defense to the claim").

15.     Plaintiffs seek "statutory damages of $5,000 per each intentional and reckless violation of BIPA…or, alternatively, statutory damages of $1,000 per each negligent violation of BIPA," "injunctive and equitable relief," "reasonable litigation expenses and attorneys' fees," and "such other and further relief as this Court deems just and proper." (Compl. ¶¶ 60, 70.)

16.     Because Plaintiff is seeking statutory damages of up to $5,000.00 for each alleged violation, in addition to attorney's fees and unspecific injunctive and equitable relief, and alleges that the number of persons within the class amount to "thousands" of persons—which must be at least two thousand people—the amount in controversy exceeds $5,000,000 as required by 28 U.S.C. § 1332(d)(2).[3]

17.     This matter satisfies all requirements of 28 U.S.C. § 1332(d) and is therefore removable under the Class Action Fairness Act of 2005.

## III.     Venue

18.     Venue is proper in the Eastern Division of the Northern District of Illinois, because the State Court Action is pending within the jurisdictional confines of this Court. 28 U.S.C. § 1446(a).

---

[3]     If damages are calculated on a per-person basis and there are at least 2,000 class members, the amount in controversy would be $10,000,000, plus attorneys' fees and the value of other unspecific relief that Plaintiff seeks.

19.     Defendant will provide written notice of the filing of this Notice of Removal to Plaintiff and the Circuit Court of Cook County.

WHEREFORE, Defendant Respondus, Inc. hereby removes this civil action to this Court on the bases identified above.

Dated:  May 14, 2021                    RESPONDUS, INC.

By:  /s/ Bonnie Keane DelGobbo

Bonnie Keane DelGobbo (bdelgobbo@bakerlaw.com)
**BAKER & HOSTETLER LLP**
One North Wacker Drive, Suite 4500
Chicago, Illinois 60606-2841
Telephone: (312) 416-6200

Joel Griswold (jcgriswold@bakerlaw.com)
**BAKER & HOSTETLER LLP**
200 South Orange Avenue, Suite 2300
Orlando, Florida 32801-3432
Telephone: (407) 649-4088

*Counsel for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney, certifies that she caused a true copy of the foregoing **Notice of Removal** to be served on counsel of record via First Class U.S. Mail and email on May 14, 2021, to:

Melissa Sims
Marc Grossman
Milberg Coleman Bryson Phillips Grossman PLLC
1311 Avenue Ponce de Leon, Floor 6
San Juan, Puerto Rico 00907
516-741-5600
msims@milberg.com
mgrossman@milberg.com

Andrei V. Rado
Blake Hunter Yagman
Milberg Coleman Bryson Phillips Grossman PLLC
100 Garden City Plaza, Suite 500
Garden City, New York 11530
212-594-5300
arado@milberg.com
byagman@milberg.com

Matthew Lee
Erin Ruben
Milberg Coleman Bryson Phillips Grossman PLLC
900 W. Morgan Street
Raleigh, North Carolina 27605
919-600-5000
mlee@milberg.com
eruben@milberg.com

Gregory F. Coleman
Jonathan B. Cohen
Milberg Coleman Bryson Phillips Grossman PLLC
800 S. Gay Street, Suite 1100
Knoxville, Tennessee 37929
865-247-0080
gcoleman@milberg.com
jcohen@milberg.com

*Counsel for Plaintiffs*

/s/ Bonnie Keane DelGobbo

# EXHIBIT 1

**12-Person Jury**

Return Date: No return date scheduled
Hearing Date: 7/30/2021 10:00 AM - 10:00 AM
Courtroom Number: 2510
Location: District 1 Court
    Cook County, IL

FILED
3/31/2021 4:33 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH01544

12788849

FILED DATE: 3/31/2021 4:33 PM   2021CH01544

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| **LUCIUS VEIGA, MICHAEL STERCHELE, and ALEX PARKER ZIMMERMAN** on behalf of themselves and all others similarly situated,<br><br>                       **Plaintiff,**<br><br>      v.<br><br>**RESPONDUS, INC.,**<br><br>                    **Defendant.** | **Case No.  2021CH01544**<br><br>**CLASS ACTION**<br><br>**VIOLATIONS OF:**<br><br>    1.  **740 ILCS 15(a); and**<br>    2.  **740 ILCS 15(b)**<br><br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

       Plaintiffs Lucius Veiga, Michael Sterchele, and Alex Parker Zimmerman ("Plaintiffs") bring this class action on behalf of themselves and all others similarly situated against Defendant Respondus, Inc. ("Defendant" or "Respondus") for injunctive relief and damages for violations of Illinois state law.  The allegations herein are made based on each Plaintiff's personal knowledge as to the allegations pertaining to himself, and upon information, belief, and investigation by counsel as to all other matters.

## NATURE OF THE ACTION

    1.     Plaintiffs, who are students, bring this action against Respondus under the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq*. ("BIPA"), pursuant to which they seek injunctive relief, and statutory damages recoverable under BIPA.

    2.     BIPA was passed by the Illinois legislature in 2008 because biometrics can function as a unique digital "fingerprint" or set of data that allows the subject to be identified by various

FILED DATE: 3/31/2021 4:33 PM   2021CH01544

types of biometric scanning. Per the statute, a biometric identifier, which is what is collected by biometric scanners, "means a retina or iris scan, a fingerprint, a voiceprint, or a scan of the hand or facial geometry." And because people cannot change their biometric identifiers, they will always be identifiable by biometric scanners.

3.    BIPA prohibits a private entity from collecting, capturing, purchasing, receiving through trade, or otherwise obtaining a person's biometric information unless it: (1) informs that person in writing that identifiers and information will be collected and/or stored; (2) informs the person in writing of the specific purpose and length for which the identifiers or information is being collected, stored or used; (3) receives a written release from the person for the collection of that data; and (4) publishes publicly available, written retention schedules and guidelines for permanently destroying said data. *See* 740 ILCS 14/15(a) and (b). This action alleges that Respondus violated both of these provisions of BIPA.

4.    Respondus is a software company focused on test proctoring. According to the company, "Respondus has been a pioneer of online testing applications for nearly two decades. Each year 100 million online exams use LockDown Browser to prevent cheating. Respondus Monitor is proctoring more exams in higher education than any other proctoring system or service."[1]

5.    Respondus has become a key player in the test proctoring software market because of the outbreak of the Novel Coronavirus-19 Virus ("COVID") in the United States and around the world, which has prevented college students from taking in-person tests within a classroom.

6.    With respect to Respondus' Monitoring, the company states:

> At the heart of Respondus Monitor is a powerful engine that performs a second-by-second analysis of the exam session. **The first layer is comprised of computer vision technology that uses facial detection, motion, and lighting to analyze the student and examination environment.** The next layer uses data from the computing device (keyboard activity, mouse movements, hardware changes, etc.) to identify patterns and anomalies associated with

---

[1] https://web.respondus.com/ (last accessed Mar. 24, 2021).

FILED DATE: 3/31/2021 4:33 PM  2021CH01544

cheating. Finally, the student's interaction with the exam instrument itself is woven into the analysis, including question-by-question comparisons with other students who took the same exam. In all, Respondus Monitor analyzes dozens of factors, such as whether multiple faces appear within the video frame, or if the person who started the exam switches to a different person along the way. The data then flows into the "Review Priority" system to help instructors quickly evaluate the proctoring results.[2]

7.     Respondus' collection of biometrics from Plaintiffs and putative Class Members in violation of BIPA is pervasive, as college students, including minor students, regularly utilize Respondus' proctoring services in connection with exams administered by their schools or universities.   Accordingly, Plaintiffs and putative Class Members bring this action to seek injunctive relief and statutory damages on behalf of all students in the state of Illinois who have been subjected to Respondus' violations of BIPA.

## PARTIES

### A.     Plaintiffs

8.     Plaintiff Lucius Veiga is a hardworking student, majoring in chemistry at Northwestern University, which is located in Evanston, Illinois. Plaintiff is a citizen of Illinois. Plaintiff was required to use Respondus' monitoring software in connection with taking his course exams during the Spring 2020 semester, specifically for one exam in April of 2020, one exam in May of 2020, and one exam in June of 2020. During these exams, Respondus collected biometric information and identifiers from Plaintiff despite the fact that Plaintiff did not consent to having his biometric identifiers collected. Respondus failed to make the proper disclosures with respect to the collection of said biometric identifiers; and Respondus also failed to disclose the retention schedule that would apply to the collection of Plaintiff's biometric data.

9.     Plaintiff Michael Sterchele is a hardworking student who graduated from his undergraduate program from Loyola University Chicago, which is located in Chicago, Illinois, in

---

[2] https://web.respondus.com/he/monitor/ (last accessed Mar. 24, 2021)(emphasis added).

FILED DATE: 3/31/2021 4:33 PM   2021CH01544

May of 2020; he currently attends the same as part of a Master of Business Administration ("MBA") program. Plaintiff was required to use Respondus' monitoring software in connection with taking his course exams during the Spring 2020 semester, specifically in May of 2020. During these exams, Respondus collected biometric information and identifiers from Plaintiff despite the fact that Plaintiff did not consent to having his biometric identifiers collected. Respondus failed to make the proper disclosures with respect to the collection of said biometric identifiers; and Respondus also failed to disclose the retention schedule that would apply to the collection of Plaintiff's biometric data.

10.     Plaintiff Alex Parker Zimmerman is a hardworking student, majoring in manufacturing engineering at Bradley University, which is located in Peoria, Illinois. Plaintiff was required to use Respondus' monitoring software in connection with taking his course exams during the Fall of 2020 semester, specifically for a minimum of four examinations that were held between August 2020 and December 2020.    During these exams, Respondus collected biometric information and identifiers from Plaintiff despite the fact that Plaintiff did not consent to having his biometric identifiers collected.  Respondus failed to make the proper disclosures with respect to the collection of said biometric identifiers; and Respondus also failed to disclose the retention schedule that would apply to the collection of Plaintiff's biometric data.

**B.     Defendant**

11.     Defendant Respondus, Inc. is a Washington corporation with its principal place of business located in Redmond, Washington.  Its registered agent for service of process is the CT Corporation System, which is located in Olympia, Washington.

## JURISDICTION

12.     This is a class action for violations of the Illinois Biometric Information Privacy Act (740 ILCS 14/1, *et seq.*), seeking statutory and actual damages.  This Court has subject matter jurisdiction and personal jurisdiction over the parties to this cause of action.  Plaintiffs are residents of the state of Illinois.  This class action is brought on behalf of Illinois residents within the state

4

FILED DATE: 3/31/2021 4:33 PM 2021CH01544

of Illinois who had their biometric information collected in violation of BIPA within the state of Illinois.

13. Consistent with the Due Process Clauses of the Fifth and Fourteenth Amendments, this Court has *in personam* jurisdiction over Defendant because it conducts commerce in the state of Illinois, and is therefore present in the state of Illinois such that, requiring an appearance does not offend traditional notions of fair play and substantial justice.

14. Plaintiffs had their biometric identifiers captured, collected, stored, and/or used by the Defendant in Illinois. Accordingly, venue is proper under 735 ILCS 5/1-108 2-101 of the Illinois Code of Civil Procedure.

## SUBSTANTIVE ALLEGATIONS

### A. The Illinois Biometric Information Privacy Act

15. BIPA was passed in 2008 in order to address the "very serious need [for] protections for the citizens of Illinois when it [comes to their] biometric information." Illinois House Transcript, 2008 Reg. Session No. 276. Specifically, the legislature's findings were as follows:

> *(a)    The use of biometrics is growing in the business and security screening sectors and appears to promise streamlined financial transactions and security screenings.*
>
> ...
>
> *(f) The full ramifications of biometric technology are not fully known.*
>
> *(g) The public welfare, security, and safety will be served by regulating the collection, use, safeguarding, handling, storage, retention, and destruction of biometric identifiers and information.*

16. BIPA defines a "biometric identifier" as "a retina or iris scan, fingerprint, voiceprint, or scan of hand or face geometry. "Biometric information" is defined as "any

information, regardless of how it is captured, converted, stored, or shared, based on an individual's biometric identifier used to identify an individual." 740 ILCS 14/5.

17.    BIPA also governs the retention, collection, disclosure, and destruction of retained biometric identifiers or biometric information, and prohibits a private company from profiting from biometric identifiers:

(a)    A private entity in possession of—biometric identifiers or biometric information must develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first.

(b)    No private entity may collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifier or biometric information, unless it first: (1) informs the subject or the subject's legally authorized representative authorized representative in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject or the subject's legally authorized representative in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information or the subject's legally authorized representative.

740 ILCS 14/5(a)-(b).

**B.     Respondus Collects Biometric Identifiers and Biometric Information from Students During Virtual or Remote Exams and Tests**

FILED DATE: 3/31/2021 4:33 PM   2021CH01544

18. Respondus is a Washington-based software company focused on test proctoring. According to Respondus, the company "has been a pioneer of online testing applications for nearly two decades. Each year 100 million online exams use LockDown Browser to prevent cheating. Respondus Monitor is a leader in the industry, proctoring more exams in higher education than any other proctoring system or service."[3]

19. Respondus' proctoring software is called "Monitor," and works by using the student's computer webcam to collect images and videos of the student, which it uses for the purpose of scanning the student's facial geometry. If Respondus detects any abnormalities in the student's facial geometry during an exam, Respondus alerts a proctor from Respondus that the student may be cheating.

20. Regarding the mechanics of Respondus' Monitoring, the company explains:

> At the heart of Respondus Monitor is a powerful engine that performs a second-by-second analysis of the exam session. **The first layer is comprised of computer vision technology that uses facial detection, motion, and lighting to analyze the student and examination environment**. The next layer uses data from the computing device (keyboard activity, mouse movements, hardware changes, etc.) to identify patterns and anomalies associated with cheating. Finally, the student's interaction with the exam instrument itself is woven into the analysis, including question-by-question comparisons with other students who took the same exam. In all, Respondus Monitor analyzes dozens of factors, such as whether multiple faces appear within the video frame, or if the person who started the exam switches to a different person along the way. The data then flows into the "Review Priority" system to help instructors quickly evaluate the proctoring results.[4]

21. According to Defendant's "Additional Privacy Information" from its "Privacy Center,"[5] **"The webcam recording itself goes through an automated 'post-processing' step**

---

[3] https://web.respondus.com/ (last accessed Mar. 24, 2021).

[4] https://web.respondus.com/he/monitor/ (last accessed Mar. 24, 2021)(emphasis added).

[5] Respondus' Privacy Center is a webpage dedicated to all of the purported privacy protections offered to the consumers who use the software – namely, children and students. It contains Respondus' privacy policy, their privacy principles, their privacy information as it pertains to Europe and the GDPR, and their Data Processing Agreement.

FILED DATE: 3/31/2021 4:33 PM   2021CH01544

**that utilizes facial detection and facial recognition technology** to determine: whether the student remained in the video frame, if multiple people appear in the video frame, if the person in the video frame differs from the person who started the exam, and the position of the user's face relative to the webcam recording device."[6]

22.    Within its "Privacy Center," Defendant also states that:

> The default data retention period for Respondus Monitor is five years. Respondus uses AWS servers which are located in the United States. Upon request, licensing institutions can change the data retention period (e.g. one year). If an institution terminates its license for Respondus Monitor, the institution may request that user data be deleted immediately; alternatively, the data will be retained according to the data retention period, which allows an institution to access that data again if they restore their Respondus Monitor license. The legal ground for storing a user's exam session data on our servers is performance of a contract."[7]

Significantly, this information is not directly disclosed to students before they begin taking an exam or test, or otherwise engage with Respondus' software

23.    Recognizing that its conduct violates BIPA, in January 2021, Respondus deleted all mentions of the word "biometric" from the terms of use on its website while continuing to collect biometrics from students.[8] Prior to this deletion, the terms of use stated:

> Random samples of video and/or audio recordings may be collected via Respondus Monitor and used by Respondus to improve the Respondus Monitor capabilities for institutions and students. The recordings may be shared with researchers (research institutions and/or **biometric experts**) under contract with Respondus to assist in such research, and the researchers are under written obligation to maintain the video and/or audio recordings in confidence and under terms at least as strict as the terms herein.[9]

24.    Currently, the terms of use no longer include any mention of "biometrics experts."[10]

---

[6] https://web.respondus.com/privacy/privacy-additional-monitor/ (last accessed Mar. 24, 2021).
[7] Id.
[8] The WayBack Machine is a website that allows you to see other websites on various dates in the past as well as data for when the website was altered in anyway.
[9] https://web.archive.org/web/20210116171052/https://web.respondus.com/tou-monitor-student/ (last accessed Mar. 8, 2021)(emphasis added).
[10] https://web.respondus.com/tou-monitor-student/ (last accessed Mar. 8, 2021).

FILED DATE: 3/31/2021 4:33 PM   2021CH01544

**Respondus Monitor**

24.     Respondus offers several products, including, but not limited to, a custom web browser, a flash card generator, and a test creation tool. However, this action is on behalf of students who utilized the product Respondus Monitor.

25.     Respondus Monitor is the company's test proctoring tool, which is used to watch students and detect cheating during remotely proctored exams. This tool has recently become even more prevalent in the education sector, given the current global pandemic's forced shift to remote learning at colleges and universities.

26.     There is generally a four-step process before Respondus Monitor begins proctoring a test or exam based on the preferences of the respective professor:

> (1)     the student produces photo identification so that Respondus can match the student's face captured on the webcam to the photo identification;
>
> (2)     Respondus makes a test recording of an audio sample and a video sample;
>
> (3)     the student performs an "environment check" enabling Respondus to surveil the student's personal surroundings; and
>
> (4)     Respondus performs a "facial detection" check.[11]

27.     Respondus violates BIPA through three of these four steps. The first step, which requires photo identification to match a student's face, confirms a match by scanning the student's facial geometry in violation of the statute. The second step, which creates a sample audio recording of the student's voice, is a "voiceprint" biometric identifier pursuant to BIPA. And the fourth step violates BIPA because the "facial detection" check also requires an analysis and use of collected and stored facial biometrics.

28.     Once a proctored test or exam begins, Respondus Monitor analyzes dozens of factors, such as whether multiple faces appear within the video frame, or if the person who started

---

[11] https://web.respondus.com/monitor-training/ (last accessed Mar. 31, 2021).

FILED DATE: 3/31/2021 4:33 PM   2021CH01544

the exam switches to a different person along the way. The data then flows into the "Review Priority" system to help instructors quickly evaluate the proctoring results."[12]

29.     As stated by Defendant on its website, "At the heart of Respondus Monitor is a powerful engine that performs a second-by-second analysis of the exam session. **The first layer is comprised of computer vision technology that uses facial detection, motion, and lighting to analyze the student and examination environment.** The next layer uses data from the computing device (keyboard activity, mouse movements, hardware changes, etc.) to identify patterns and anomalies associated with cheating. Finally, the student's interaction with the exam instrument itself is woven into the analysis, including question-by-question comparisons with other students who took the same exam."[13]

30.     When the proctored test or exam is finished, Respondus performs a final "post-processing" step. As explained by Defendant, **"The webcam recording itself goes through an automated "post-processing" step that utilizes facial detection and facial recognition technology** to determine: whether the student remained in the video frame, if multiple people appear in the video frame, if the person in the video frame differs from the person who started the exam, and the position of the user's face relative to the webcam recording device."[14]

**C.     Respondus Collected Plaintiffs' Biometric Identifiers**

31.     Plaintiffs are students from Illinois.

32.     Each Plaintiff took a course which required his use of Respondus Monitor in order to take a remotely proctored exam.

33.     Prior to collecting Plaintiff's biometric identifiers and biometric information Respondus did not provide any written disclosures to Plaintiff regarding its collection or retention of his biometric information or identifiers.

---

[12] https://web.respondus.com/he/monitor/ (last accessed Mar. 24, 2021).
[13] https://web.archive.org/web/20201002084702/https://web.respondus.com/he/monitor/ (last accessed Mar. 31, 2021).
[14] https://web.respondus.com/privacy/privacy-additional-monitor/, (last accessed Mar. 24, 2021)(emphasis added).

FILED DATE: 3/31/2021 4:33 PM   2021CH01544

34.    Prior to collecting Plaintiff's biometric identifiers and biometric information Respondus did not provide him with a writing explaining why his biometric information or identifiers were being collected.

35.    Prior to collecting Plaintiff's biometric identifiers and biometric information Respondus did not provide a written retention schedule regarding how long his biometric information or identifiers would be kept in Defendant's possession.

36.    Respondus did not obtain Plaintiff's informed permission to collect his biometric identifiers or biometric information. Plaintiff's biometric privacy interests under BIPA, which he herein seeks to protect.

## CLASS ALLEGATIONS

37.    Pursuant to 735 ILCS 5/2-801, *et seq.*, Plaintiffs bring this action on behalf of all similarly situated Members of the proposed Class defined as follows:

> **Illinois Class:**
> All Illinois citizens, who used Respondus Monitor's software for a remotely proctored exam from 2016 through 2020, and whose biometric information or identifiers were collected, captured, purchased, received through trade, or otherwise obtained by Respondus in Illinois in violation of the Illinois Biometric Information Privacy Act, 740 ILCS 14/5 *et seq.*
>
> (the "Class").

38.    Specifically excluded from these definitions are: (1) Defendant, any entity in which Defendant has a controlling interest, and its legal representatives, officers, directors, employees, assigns and successors; (2) the Judge to whom this case is assigned and any member of the Judge's staff or immediate family; and (3) Class Counsel.

39.    As the master of his complaint and causes of action, Plaintiffs further exclude from the proposed Class the claims of any non-Illinois citizens; any and all claims against any non-

FILED DATE: 3/31/2021 4:33 PM    2021CH01544

Illinois citizens; and any other claims, including claims for personal injury, wrongful death, or other property damage sustained by the Class.

40.    All Members of the proposed Class are citizens of Illinois. The principal injuries resulting from the alleged conduct or any related conduct of Defendant were incurred in Illinois.

41.    Class Members are so numerous that the individual joinder of all Members is impracticable. While the exact number of Class Members is unknown at this time, it is generally ascertainable by appropriate discovery, is in the exclusive control of Defendant, and it is reasonably likely that the Class includes at least thousands of Members.

42.    Common questions of law or fact arising from Defendant's conduct exist as to all Class Members, as required by 735 ILCS 5/2-801. These common questions include, but are not limited to, the following:

    a.    Whether Defendant captured or collected the biometric identifiers of Plaintiffs and putative Class Members.

    b.    If Defendant captured or collected the biometric identifiers of Plaintiffs and putative Class Members, did Defendant inform them in writing that biometric identifiers were being collected or stored?

    c.    If Defendant captured or collected the biometric identifiers of Plaintiffs and putative Class Members, did Defendant inform Plaintiffs and putative Class Members in writing of the specific purpose and length of term for which the biometric identifiers were being collected, or captured?

    d.    If Defendant captured or collected the biometric identifiers of Plaintiffs and putative Class Members, did Defendant receive a written release executed by

FILED DATE: 3/31/2021 4:33 PM 2021CH01544

Plaintiff, putative Class Members, or their legally authorized representatives regarding their biometric identifiers?

e.  If Defendant captured or collected the biometric identifiers of Plaintiffs and putative Class Members, did Defendant develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers, when the initial purpose for collecting or obtaining such identifiers has been satisfied, or within 3 years of the individual's last interaction with the private entity, whichever occurs first?

43.  Class action treatment provides a fair and efficient method for the adjudication of the controversy herein described, affecting a large number of persons, joinder of whom is impracticable. The class action device provides an appropriate and effective method whereby the enforcement of the rights of Plaintiffs and putative Class Members can be fairly managed without unnecessary expense or duplication. The expense and burden of individual litigation of a case of this magnitude makes it impracticable for individual Class Members to seek redress for the wrongs worked upon them.

44.  Individual litigation of all claims which might be asserted by all putative Class Members would produce such a multiplicity of cases that the judicial system having jurisdiction of the claims would remain congested for years. The certification of the Class would allow litigation of claims that, in view of the expenses of litigation, may be insufficient in amounts to support separate actions. Concentrating this litigation in one forum would aid judicial economy and efficiency, promote parity among the claims of individual Class Members, and result in judicial consistency.

FILED DATE: 3/31/2021 4:33 PM    2021CH01544

45.     Plaintiffs will fairly and adequately protect the interests of the Class he seeks to represent. The interests of Plaintiffs, as the Class Representatives, are consistent with those of putative Class Members. In addition, Plaintiffs are represented by counsel experienced in complex and class action litigation.

46.     The prosecution of separate actions by individual Class Members would create a risk of:

a.     Inconsistent or varying adjudications with respect to individual Class Members; and,

b.     Adjudication with respect to individual Class Members which would, as a practical matter, be dispositive of the interests of other Class Members not parties to the adjudication or substantially impair or impede their ability to protect their interests.

47.     Plaintiffs and putative Class Members envision no unusual difficulty in the management of this action as a class action.

## CAUSES OF ACTION

### COUNT I
**Violation of BIPA, 740 ILCS 14/15(a)**
**(On behalf of Plaintiffs individually and on behalf of the Class)**

48.     Plaintiffs incorporates by reference all of the foregoing allegations as if fully set forth herein.

49.     Plaintiffs bring this claim individually and on behalf of the Class defined above.

50.     BIPA requires that "[a] private entity in possession of biometric identifiers or biometric information must develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has

FILED DATE: 3/31/2021 4:33 PM   2021CH01544

been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

51.    Respondus is a private entity under BIPA.

52.    Plaintiffs and putative Class Members are members of the public and users of Defendant's Respondus Monitor software.

53.    When users use the Respondus Monitor software, it collects facial geometry and a voice print in order to allow the student to take the proctored exam, and uses these biometric identifiers for the purpose of in fact identifying the individuals. Accordingly, Respondus collects and is in possession of biometric identifiers and biometric information.

54.    Respondus did not provide to Plaintiffs and putative Class Members a publicly available retention schedule or guidelines for permanently destroying users' biometric identifiers/biometric information when the initial purpose for collecting these was satisfied, or within 3 years of Plaintiff and Class Members' last interactions with Respondus, as required by BIPA. Thus, Respondus violated Section 15(a) of BIPA.

55.    Respondus' violations of BIPA actually harmed or posed a material risk of harm to the privacy interests of Plaintiffs and Class Members, which BIPA seeks to protect.

56.    Respondus' violations of BIPA were intentional and/or reckless, or, alternatively, negligent.

60.    Plaintiffs pray for relief in the form of statutory damages and injunctive relief as this Court deems necessary and proper.

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, respectfully requests that this Court issue an order:

a.  Certifying this case as a class action;

FILED DATE: 3/31/2021 4:33 PM 2021CH01544

b.  Appointing Plaintiffs as Class Representatives, and Plaintiff's counsel as Class Counsel;

c.  Declaring that Respondus' actions, as stated herein, violate the rights of Plaintiffs and putative Class Members under BIPA;

d.  Awarding statutory damages of $5,000 per each intentional and reckless violation of BIPA pursuant to the statute, or, alternatively, statutory damages of $1,000 per each negligent violation of BIPA pursuant to the statute;

e.  Awarding injunctive and equitable relief as necessary to protect the rights of Plaintiffs and putative Class Members under BIPA;

f.  Awarding Plaintiffs and putative Class Members their reasonable litigation expenses and attorneys' fees;

g.  Awarding Plaintiffs and putative Class Members pre- and post- judgement interest to the extent allowable; and,

h.  Awarding such other and further relief as this Court deems just and proper.

## COUNT II
### Violation of BIPA, 740 ILCS 14/15(b)
### (On Behalf of Plaintiffs individually and on behalf of the Class)

57.  Plaintiffs incorporates by reference all of the foregoing allegations as if fully set forth herein.

58.  Plaintiffs bring this claim individually and on behalf of the Class defined above.

59.  BIPA makes it illegal for a private entity to "collect, capture, purchase, receive through trade or otherwise obtain a person's or customer's biometric identifiers and information unless it first: (1) informs the subject ... in writing that biometric identifiers and information is being collected and/or stored; (2) informs the subject... in writing of the specific purpose and length of term for which the biometric identifier or information is being collected, used, and stored,

16

and (3) receives a written release executed by the subject of the biometric identifier or information..." *See* 740 ILCS 14/10.

61. Respondus is a private entity under BIPA.

62. Plaintiffs and putative Class Members are individuals who had their biometric identifiers and biometric information, in the form of a scan of their face geometry, collected, captured, purchased, received through trade, or otherwise obtained by Respondus in the course of the services it offers, as alleged herein.

63. Respondus systematically and automatically collects, captures, purchases, receives through trade, or otherwise obtains Plaintiffs and putative Class Members' biometric identifiers without first obtaining the necessary written release, as required by 740 ILCS 14/15(b)(3).

64. Respondus failed to inform Plaintiffs and putative Class Members in writing that their biometric identifiers would be – and have been – collected, captured, purchased, and/or received through their use of the Respondus Monitor software, as required by 740 ILCS 14/15(b)(1)-(2).

65. Respondus also failed to inform Plaintiffs and putative Class Members in writing of the specific purpose and the amount of time for which their biometric identifiers/biometric information would be — and have been — collected, captured, purchased, received through trade, or otherwise obtained, as required by 740 ILCS 14/15(b)(1)-(2).

66. Respondus did not receive a written release from Plaintiffs and putative Class Members allowing Respondus to collect, capture, purchase, receive through trade, or otherwise obtain biometric identifiers/biometric information from Plaintiffs and putative Class Members, as required by 740 ILCS 14/15(b)(3).

17

FILED DATE: 3/31/2021 4:33 PM 2021CH01544

FILED DATE: 3/31/2021 4:33 PM 2021CH01544

67. By collecting, capturing, purchasing, receiving through trade, or otherwise obtaining without informed consent Plaintiffs and putative Class Members' biometric identifiers/biometric information as described, Respondus violated the rights of Plaintiffs and putative Class Members to keep private those biometric identifiers as required by BIPA.

68. Respondus' violations actually harmed or posed a material risk of harm to the privacy interests of Plaintiffs and putative Class Members, which BIPA seeks to protect.

69. Respondus' violations of BIPA were intentional and/or reckless, or, alternatively, negligent.

70. Plaintiffs pray for relief in the form of statutory damages and injunctive relief as this Court deems necessary and proper.

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, respectfully requests that this Court issue an order:

a. Certifying this case as a class action;

b. Appointing Plaintiffs as Class Representatives, and Plaintiff's counsel as Class Counsel;

c. Declaring that Respondus' actions, as stated herein, violate the rights of Plaintiffs and putative Class Members under BIPA;

d. Awarding statutory damages of $5,000 per each intentional and reckless violation of BIPA pursuant to the statute, or, alternatively, statutory damages of $1,000 per each negligent violation of BIPA pursuant to the statute;

e. Awarding injunctive and equitable relief as necessary to protect the rights of Plaintiffs and putative Class Members under BIPA;

f. Awarding Plaintiffs and putative Class Members their reasonable litigation expenses and attorneys' fees;

18

FILED DATE: 3/31/2021 4:33 PM   2021CH01544

g. Awarding Plaintiffs and putative Class Members pre- and post- judgement interest to the extent allowable; and,

h. Awarding such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiffs demand a jury trial on all issues so triable.

DATE: March 31, 2021

Respectfully submitted,

**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**

*Melissa K. Sims*

s/
Melissa Sims #6231297 (IL Bar No.); #63956 (Cook Cnty. Atty. No.)
Marc Grossman #6311731 (IL Bar No.)
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**
1311 Avenue Ponce de Leon, Floor 6
San Juan, Puerto Rico 00907
Tel:       516-741-5600
            212-594-5300
Email:    msims@milberg.com
            mgrossman@milberg.com

Andrei V. Rado*
Blake Hunter Yagman*
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel.:      212-594-5300
Email:    arado@milberg.com
            byagman@milberg.com

Matthew Lee*
Erin Ruben*
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**
900 W. Morgan Street
Raleigh, North Carolina 27605
Tel.:      919-600-5000
Email:    mlee@milberg.com
            eruben@milberg.com

19

FILED DATE: 3/31/2021 4:33 PM   2021CH01544

Gregory F. Coleman*
Jonathan B. Cohen*
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**
800 S. Gay Street, Suite 1100
Knoxville, Tennessee 37929
Tel.:        865-247-0080
Email:      gcoleman@milberg.com
                jcohen@milberg.com

*pro hac vice forthcoming

*Attorneys for Plaintiffs and the Putative Class*

Return Date: No return date scheduled
Hearing Date: 7/30/2021 10:00 AM - 10:00 AM
Courtroom Number: 2510
Location: District 1 Court
　　Cook County, IL

FILED
5/14/2021 11:38 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021ch01544

13331236

Appearance and Jury Demand *

(12/01/20) CCG 0009

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

_____ CHANCERY _____ DEPARTMENT/_____ DISTRICT

LUCIUS VEIGA, et al.

Plaintiff

v.

RESPONDUS, INC.

Defendant

Case No. 2021 CH 01544

Claimed $: _____

Return Date: _____ Time: _____

Court Date: _____ Room No.: _____

Address of Court District for Filing

## APPEARANCE AND JURY DEMAND *

☑ General Appearance　　☑ 0900 - Fee Paid　　　　　　　　☐ 0904 - Fee Waived
　　　　　　　　　　　　☐ 0908 - Trial Lawyers Appearance - No Fee
☐ Jury Demand *　　　　☐ 1900 - Appearance and Jury Demand/Fee Paid　　☐ Twelve-person Jury
　　　　　　　　　　　　☐ 1904 - Appearance and Jury Demand/No Fee Paid　　☐ Six-person Jury

The undersigned enters the appearance of: ○ Plaintiff ● Defendant

Litigant's Name: Respondus, Inc.

Signature: /s/ Bonnie Keane DelGobbo

☑ Initial Counsel of Record　　☐ Pro Se (Self-represented)　　☐ 2810 Rule 707 Out-of-State Counsel
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　(pro hac vice)

☐ Additional Appearance　　☐ Substitute Appearance

● Atty. No.: 46365　　　○ Pro Se 99500

Name: Bonnie Keane DelGobbo/Baker & Hostetler LLP

Atty. for (if applicable):

Respondus, Inc.

Address: One N. Wacker Drive, Suite 4500

City: Chicago

State: IL　Zip: 60606　Phone: 312-416-6200

Primary Email: bdelgobbo@bakerlaw.com

### IMPORTANT

_Once this Appearance form is filed, photocopies of this form must be sent to all other parties named in this case (or to their attorneys) using either regular mail, fax, email or personal delivery. (See Illinois Supreme Court Rules 11 and 13 for more information.)_

Pro Se Only:
☐ I have read and agree to the terms of Clerk's Office Electronic Notice Policy and choose to opt in to electronic notice from the Clerk's office for this case at this email address:

Email: _____

**\* Strike demand for trial by jury if not applicable.**

I certify that a copy of the within instrument was served on all parties who have appeared and have not heretofore been found by the Court to be in default for failure to plead.

/s/ Bonnie Keane DelGobbo

Attorney for ○ Plaintiff ● Defendant

### Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois

**cookcountyclerkofcourt.org**

Page 1 of 1

FILED DATE: 5/14/2021 11:38 AM　2021ch01544