UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LUCIUS VEIGA, MICHAEL STERCHELE, and ALEX PARKER ZIMMERMAN, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> RESPONDUS, INC., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) No. 21 C 2620 ) ) Judge Rebecca R. Pallmeyer ) ) ) |

**ORDER**

Motion of Defendant Respondus, Inc. to compel arbitration and stay further proceedings [12] is denied.

**STATEMENT**

Plaintiffs in this case have sued Respondus, Inc., a company that provides Respondus Monitor, a software program, to educational institutions. Plaintiffs are college students who took online examinations that were monitored using the Respondus Monitor software. In this lawsuit and in two other cases pending before this court, the students allege that the software, which their schools use to administer online examinations without a proctor, captures various types of biometric data, including scans of students' facial geometry. Plaintiffs contend that Respondus violates the Illinois Biometric Information Privacy Act (BIPA), 740 ILCS 14/1 *et seq.*, by failing to obtain a student's informed, written consent to the collection of this biometric data, *id.* § 14/15(b), and by failing to publicly disclose a compliance policy regarding the retention and destruction of the biometric data, *id.* § 14/15(a).

Plaintiff Lucius Veiga has been subject to the alleged BIPA violations several times. He took three examinations in 2020 and then, a few weeks after this case was filed, Veiga took two more examinations proctored by the Respondus Monitor software.

Respondus has moved to dismiss the claims of Veiga's co-plaintiffs and in the related cases. Respondus argues, among other things, that its conduct did not violate BIPA because students read and accepted the "Student Terms of Use" that appeared on their computer screens when they initiated the examination process. The court has addressed the arguments in detail in an opinion issued on March 23, 2022. Respondus argues in addition, however, that Plaintiff Veiga's claims are subject to mandatory arbitration pursuant to a clause that appeared in the Student Terms when Veiga took exams in 2021, after this case was filed. Citing this clause, Respondus has moved under the Federal Arbitration Act (FAA) to compel individual arbitration of Veiga's BIPA claims and to stay Veiga's case pending the arbitration [12].

Plaintiff Veiga opposes this motion, and the parties have briefed the issues at length. The court need not address most of the arguments presented in those briefs. Recognizing the strong public policy in favor of arbitration, the court is nevertheless unwilling to enforce the arbitration clause in this case. As explained in the court's March 23, 2022 opinion on the motions to dismiss, the court understands that students were required to accept the Student Terms of Use as a condition of taking their examinations and receiving credit for courses they had otherwise completed. This context, in the court's view, did not afford the students a "meaningful choice" about agreeing to the contract. *See Kinkel v. Cingular Wireless LLC,* 223 Ill. 2d 1, 23, 857 N.E.2d 250, 264 (2006). Unlike the situation involving a traditional commercial transaction (in which consumers are ordinarily free to take their business elsewhere), Plaintiff students—who had enrolled, who had attended classes and studied, and who were prepared to take examinations for course credit—had no genuine freedom to reject the terms of use associated with the Respondus Monitor software.

Notably, Respondus has moved to compel arbitration only of Plaintiff Veiga's claims. The other two purported class representatives in this case evidently did not take an examination after January 2021, when Respondus amended the Student Terms of Use to include a mandatory arbitration clause. The arbitration clause that appeared on Veiga's screen when he took exams in May 2021 purported to apply retroactively, to strip Veiga of the forum he had already chosen and strip this court of jurisdiction to adjudicate a case pending before it. Even if Respondus could legitimately demand arbitration of claims arising from the May 2021 exams, the argument would have no purchase for claims arising before the arbitration clause was ever presented to Veiga.

The motion to compel arbitration [12] is denied.

ENTER:

Dated: March 23, 2022

REBECCA R. PALLMEYER
United States District Judge