**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| COURTNIE PATTERSON, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 20 C 7692 |
| RESPONDUS, INC. and LEWIS UNIVERSITY, | ) ) ) | Judge Rebecca R. Pallmeyer |
| Defendants. | ) ) | |
| CHENG WU, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 21 C 1785 |
| RESPONDUS, INC. | ) ) ) | Judge Rebecca R. Pallmeyer |
| Defendant. | ) ) | |
| LUCIUS VEIGA, MICHAEL STERCHELE, and ALEX PARKER ZIMMERMAN, on behalf of themselves and all others similarly situated, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | No. 21 C 2620 |
| v. | ) ) | Judge Rebecca R. Pallmeyer |
| RESPONDUS, INC., | ) ) ) | |
| Defendant. | ) ) | |

**ORDER**

In these three putative class actions, Plaintiffs claim that Defendant Respondus, Inc. violated their rights under the Illinois Biometric Information Privacy Act (BIPA), 740 ILCS 14/1 *et seq.* In March, the court denied in part each of Respondus's three motions to dismiss. *See Patterson v. Respondus, Inc.*, __ F. Supp. 3d __, 2022 WL 860946 (N.D. Ill. Mar. 23, 2022). Respondus now asks the court to reconsider one aspect of that ruling and to certify two other issues for interlocutory appeal. For the reasons below, its motions are denied.

**STATEMENT**

Plaintiffs are current or former students who took an exam using Respondus Monitor, a software program that their schools used to administer online exams without a proctor. In its motion to dismiss, Respondus argued that Washington law applies to these cases because there was a Washington choice-of-law provision in the terms of use that Plaintiffs ostensibly agreed to when they used Respondus Monitor.

As to the *Veiga* case, the court declined to consider the terms of use (the "Student Terms"), which Plaintiffs had not attached to their complaint. Although Respondus attached a version of the Student Terms to its motion to dismiss, the court determined that, for several reasons, the document had not been "incorporated by reference" into the complaint and therefore was not properly considered on a motion to dismiss. Without a choice-of-law provision to enforce, the court simply applied the law of the forum state, Illinois. Respondus now asks the court to reconsider that decision under Federal Rule of Civil Procedure 54(b), but it has fallen short of the high standard for such a motion, which serves a "limited function"—either "to correct manifest errors of law or fact or to present newly discovered evidence." *Conditioned Ocular Enhancement, Inc. v. Bonaventura*, 458 F. Supp. 2d 704, 707 (N.D. Ill. 2006) (quoting *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996)); *see also Patrick v. City of Chicago*, 103 F. Supp. 3d 907, 911–12 (N.D. Ill. 2015).

Respondus argues that the court misapplied the legal standard for incorporation by reference: "[A] document attached to a motion to dismiss may . . . be considered a part of the pleading if it is 'referred to in the plaintiff's complaint and . . . central to his claim.'" *Respondus, Inc.*, 2022 WL 860946, at *8 (quoting *Wright v. Associated Ins. Cos. Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994). The court stands by its prior decision. *See id.* at *10–11 (holding that the Student Terms had not been incorporated by reference into the *Veiga* Plaintiffs' complaint); *see also id.* at *11–12 (noting that the document presented by Respondus was a generic reference copy of its terms of use, which postdated the *Veiga* Plaintiffs' alleged use of Respondus's software). As previously noted, the *Veiga* Plaintiffs' complaint does briefly refer to the "the terms of use on [Respondus's] website." (Class Action Compl., Ex. 1 to Notice of Removal, *Veiga v. Respondus, Inc.*, No. 21 C 2620 [1]).) But that allegation related only to Respondus's recent public messaging about Respondus Monitor; Plaintiffs did not allege that they had seen those terms of use, much less assented to them as a matter of contract law, at the time they used the software. Respondus's attempt to introduce the document as if it were a binding contract—an attempt not even supported by minimal details in a declaration or affidavit—was insufficient under Rule 12. Even if the court assumes that Plaintiffs saw and assented to a version of the Student Terms when they used Respondus Monitor, it remains unclear what version they were presented with and what those terms said.

In its ruling on the *Patterson* and *Wu* cases, however, the court did consider the Student Terms, which those Plaintiffs had attached to their respective complaints. Although the Student Terms were properly part of the record in those cases, the court nevertheless agreed with Plaintiffs that there were two independent reasons not to enforce the Student Terms' Washington choice-of-law provision. First, as explained in some detail, the court concluded that the contract was procedurally unconscionable because these Plaintiffs lacked a "meaningful choice" in contracting and lacked an adequate "opportunity to understand" the contract's terms. Second, the court concluded that enforcing the Washington choice-of-law provision would violate fundamental Illinois public policy because it would wholly prevent Plaintiffs from recovering for the alleged infringement of their biometric rights. Respondus now asks the court to certify these two issues for interlocutory appeal under 28 U.S.C. § 1292(b). To obtain such certification, a movant must show that (1) the issue is a question of law, (2) the question is controlling, (3) there exists substantial grounds for difference of opinion, and (4) immediate appeal would materially advance the ultimate termination of the litigation. *See Ahrenholz v. Bd. of Trs. of Univ. of Ill.*, 219 F.3d 674,

675–76 (7th Cir. 2000).  Respondus has not established a substantial ground for disagreement, in part because it appears to have misunderstood this court's prior opinion.

According to Respondus, the court's unconscionability ruling created a "new per se rule that no vendor can enter into a valid agreement with students whose colleges and universities have selected that vendor as the provider of an academic service."  The court disagrees with that summary, which ignores a significant part of the opinion.  In its March opinion, the court drew two key conclusions from the allegations in Plaintiffs' complaint:  (1) Plaintiffs lacked a "meaningful choice" in contracting because the school chose the vendor and the contract was presented on a take-it-or-leave-it basis, and (2) Plaintiffs lacked an adequate "opportunity to understand" the contract given that it was presented as a proverbial wall of fine print, within a "lockdown browser" environment, in the moments immediately before a university exam (when refusal to proceed presumably would have resulted in the loss of credit for a semester of class work).  Only together did those two sets of facts—unique to Plaintiffs' complaints—render the contract unconscionable.  Respondus exaggerates the implications of these two conclusions by framing each one (especially the first) as a standalone holding.  Considering the conclusions together, as the court did, the decision was not in tension with any case that Respondus cites.

Respondus attacks the court's public policy ruling on two grounds.  First, as a threshold matter, Respondus says that the analysis was entirely unwarranted because the Student Terms dictated the application of Washington law "without regard to conflicts of law principles."  But under Illinois law, satisfying public policy is a prerequisite to the enforcement of a choice-of-law provision.  *See Smurfit Newsprint Corp. v. Se. Paper Mfg.*, 368 F.3d 944, 949 (7th Cir. 2004) (citing *English Co. v. Nw. Envirocon, Inc.*, 278 Ill. App. 3d 406, 411, 663 N.E.2d 448, 452 (2nd Dist. 1996)).  Just as a contract is not valid and enforceable simply because it declares itself to be so, a choice-of-law provision does not evade the need for public policy compliance merely by use of magic words like the phrase that Respondus cites.  Second, on the merits, Respondus says the court was wrong in concluding that the application of Washington law would violate public policy.  But the court carefully distinguished the cases that Respondus cited in its motion to dismiss (and cites again now).  None of those cases involved a plaintiff—like Plaintiffs here—for whom the very possibility of relief would be foreclosed by the application of the other state's law.  Although some cases involved Illinois statutory claims that would be unavailable if the choice-of-law provision were enforced, the plaintiffs in those cases would seemingly be able to pursue similar, if not identical, claims under the other states' laws (for example, through typical consumer-fraud statutes).  Again, this court's prior opinion is not in tension with those cases.

## CONCLUSION

The court denies Respondus's motions for reconsideration and interlocutory appeal (No. 20 C 7692 [84]; No. 21 C 1785 [47]; No. 21 C 2620 [45]).

ENTER:

Dated:  August 15, 2022

REBECCA R. PALLMEYER
United States District Judge

3